**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1575**

_____

MEGAN WILSON,

> Plaintiff – Appellant,

> v.

MARTIN J. O'MALLEY, Commissioner of Social Security,

> Defendant – Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cv-00087-RJC)

_____

Submitted:  September 11, 2024                  Decided:  December 31, 2024

_____

Before AGEE, RUSHING, and BENJAMIN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF**:  George C. Piemonte, MARTIN, JONES & PIEMONTE, Charlotte, North Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, David E. Somers, III, Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Dena J. King, United States Attorney, David N. Mervis, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Megan Wilson appeals the district court's denial of Social Security disability benefits.  She argues that the administrative law judge ("ALJ") erred under *Shelley C. v. Commissioner of Social Security Administration*, 61 F.4th 341 (4th Cir. 2023), by relying on objective findings from mental status examinations to discredit her subjective testimony about her symptoms.  Because Wilson's agency proceedings took place before *Shelley C.* was decided, the ALJ did not have the opportunity to consider its application to the instant case.  And because *Shelley C.* was decided after briefing was complete in the district court, Wilson did not develop any arguments in that court about *Shelley C.*'s application beyond advising the court of *Shelley C.*'s existence.

We are "a court of review, not of first view."  *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)).  In keeping with our understanding that the ALJ "should have the first opportunity to perform the applicable analysis," we vacate the district court's denial of benefits and remand to the Social Security Administration for consideration in light of *Shelley C.  Cf. Fusaro v. Cogan*, 930 F.3d 241, 263–64 (4th Cir. 2019) (remanding to trial court for initial consideration where issue had not been developed below); *See v. Wash. Metro. Area Transit Auth.*, 36 F.3d 375, 383–84 (4th Cir. 1994) (citing *Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab. v. Newport News Shipbuilding & Dry Dock Co.*, 676 F.2d

110, 115 (4th Cir. 1982)) ("[B]ecause the ALJ is the factfinder, the [Benefits Review Board] should not rule upon an issue before the ALJ has had an opportunity to consider it first.").

*VACATED AND REMANDED WITH INSTRUCTIONS*